UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>               Plaintiff <br><br>     -against- <br><br> ANTOINE STEWART, <br><br>              Defendant. | 02 Cr. 1435 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Antoine Stewart's motion for a reduction of sentence pursuant to § 404 of the First Step Act of 2018.[1]  The Government opposes the motion,[2] and Mr. Stewart replied.[3]  For the reasons set out below, the motion is denied.

I.    Background[4]

a. 2006 Jury Trial & Sentencing

In 2006, a grand jury in the Southern District of New York returned a superseding indictment charging Mr. Stewart in six counts with: (1) participating in a conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (2) murder in aid of racketeering, in violation of 18 U.S.C.

---

[1] (Motion ("Mot."), dated Oct. 27, 2020 [dkt. no. 413].)
[2] (Memorandum in Opposition ("Memo"), dated Nov. 30, 2020 [dkt. no. 416].)
[3] (Reply Letter from Counsel for the Defendant ("Reply Letter"), dated Feb. 17, 2021 [dkt. no. 427].)
[4] Unless otherwise specified, the facts below are drawn primarily from the Government's Memo, (dkt. no. 416), which, critically, Defendant does not in any way challenge in his Motion (dkt. no. 413) or Reply (dkt. no. 427).

§§ 1959(a)(1) and 2; (3) participating in a conspiracy to distribute 50 grams and more of crack cocaine and an unspecified amount of heroin, in violation of 21 U.S.C. § 846; (4) murder in connection with a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; (5) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a narcotics conspiracy, which firearm was discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and (6) murder with a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(j) and 2.[5]

The trial began on January 30, 2006 before this Court. Evidence at trial showed that the Westchester Avenue Crew (the "Crew"), a gang operating from Saint Mary's Houses in the Bronx, was implicated in robbery, drug trafficking, firearms, and murder offenses. Testimony indicated that Mr. Stewart sold crack cocaine in another housing project located in the Bronx and was hired by members of the Crew to murder a rival drug dealer, William Ragland. Evidence also showed that, on July 11, 2002, Mr. Stewart shot and killed William Ragland in exchange for $500 and 20 grams of heroin. The jury returned a verdict convicting Mr. Stewart on all six counts on February 10, 2006. With respect to Count Three, the jury found that Mr. Stewart

---

[5] (Superseding Indictment, dated January 24, 2006 [dkt. no. 189].)

2

conspired to distribute at least 50 grams of crack cocaine, but the distribution of heroin was not a foreseeable object of the conspiracy.

The Presentence Report calculated the offense level as 43 and placed Mr. Stewart in Criminal History Category IV. This Court imposed the mandatory sentence of life-plus-10-years' imprisonment.[6] The sentence was structured as recommended by the Probation Office: life imprisonment on Counts Two and Six, 20-years' imprisonment on each of Counts Three and Four, and 10-years' imprisonment on Count One, all to run concurrently. This was to be followed by a consecutive 10-year sentence on Count Five. This Court also imposed a 10-year term of supervised release and a mandatory $600 special assessment.

b. Subsequent Case History

The Court of Appeals affirmed Mr. Stewart's conviction and sentence in 2008. See United States v. Stewart, 280 F. App'x. 44 (2d Cir. 2008) (summary order). In 2013, this Court denied Defendant's 28 U.S.C. § 2255 motion and a certificate of appealability.[7] In 2018, the Court of Appeals denied Mr. Stewart's motion for leave to file a second § 2255 motion.[8]

---

[6] (Filed Judgment in a Criminal Case, dated June 28, 2006 [dkt. no. 225].)

[7] (Order Adopting Report and Recommendation, dated Dec. 4, 2013 [dkt. no. 338].)

[8] (Order Denying Leave to File Successive 28 U.S.C. § 2255 motion, dated Aug. 22, 2016 [dkt. no. 374].)

c. Defendant's Motion Pursuant to the First Step Act

In May 2020, Mr. Stewart filed a pro se letter with this Court regarding a potential sentence reduction under the First Step Act.[9]  Upon receipt, this Court appointed CJA counsel to represent Mr. Stewart in connection with this motion.[10]  Mr. Stewart filed a counseled motion and brief on October 29, 2020 seeking a reduction of the 20-year sentence on Count Three and vacatur of Count Four.  The Government filed a memorandum in opposition to Mr. Stewart's motion on November 30, 2020.  On February 17, 2021, counsel for Mr. Stewart filed a reply letter arguing further for a sentencing reduction on Count Three based upon Stewart's positive behavior and the directives of 18 U.S.C. § 3553(a).

II.  Legal Standard

Congress enacted the Fair Sentencing Act of 2010 ("FSA") in response to federal statutes that imposed the same sentence upon an offender who dealt powder cocaine as one who dealt in one one-hundredth that amount of crack cocaine.  See Dorsey v. United States, 567 U.S. 260, 263 (2012).  The FSA reduced the

---

[9] (Letter from Antoine Stewart, dated May 13, 2020 [dkt. no. 401].)
[10] (Order Seeking CJA Attorney, dated May 28, 2020 [dkt. no. 402]; Order Appointing CJA Attorney Barrett, dated August 25, 2020 [dkt. no. 408]; Order Appointing CJA Attorney John Burke, dated August 27, 2020 [dkt. no. 411].)

crack-to-powder cocaine disparity from 100-to-1 to 18-to-1,
which, by extension, increased the drug weight required to
trigger mandatory minimums for crack-cocaine offenses. Id. at
264. In order to trigger a ten-year mandatory minimum, the
amount of crack cocaine was increased from 50 grams to 280
grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2,
124 Stat. 2372, 2372 (2010). To trigger a five-year mandatory
minimum, the amount of crack cocaine was increased from 5 grams
to 28 grams. Id. While the FSA modified the drug weight
amount, it did not modify the recidivism enhancements under 21
U.S.C. § 841(b)(1)(A) or (B). The FSA also eliminated mandatory
minimums for simple possession. Id. § 3. However, sections 2
and 3 of the FSA were not applied retroactively to those
"sentenced before its passage." United States v. Davis, 961
F.3d 181, 183 (2d Cir. 2020).

The First Step Act of 2018 effectively makes sections 2 and
3 of the FSA retroactive. Pub. L. No. 115-391, § 404, 132 Stat.
5194, 5222 (2018). Specifically, that provision section 404(b)
of the First Step Act provides that "[a] court that imposed a
sentence for a covered offense may . . . impose a reduced
sentence as if sections 2 and 3 of the [FSA] were in effect at
the time the covered offense was committed." Id. § 404(b).
Under § 404(a), a "covered offense" is a "violation of a Federal
criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). The Court of Appeals has held that "the explicit reference to sections 2 or 3 of the Fair Sentencing Act demonstrates that the First Step Act permits a sentencing reduction only to the extent that sections 2 or 3 of the Fair Sentencing Act would apply." United States v. Martin, 974 F.3d 124, 138 (2d Cir. 2020).

"The First Step Act is clear that it does not require a court to reduce any sentence." United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020) (quotation marks omitted). Reduction is discretionary. United States v. Moore, 975 F.3d 84, 87 (2d Cir. 2020). If a defendant is eligible for resentencing under the First Step Act, "a district court need not perform 'de novo Guidelines calculations' nor must they consider 'new Guidelines provisions.'" United States v. Ortiz, 832 F. App'x 715, 718 (2d Cir. 2020) (summary order) (quoting Moore, 975 F.3d at 90, 92). The First Step Act requires a court to take into account only Guideline range changes that result directly from the application of sections 2 and 3 of the FSA. Moore, 975 F.3d at 91. It is left to the district court's discretion what factors are relevant as it determines whether and to what extent to reduce a sentence. See id. at 92 n.36. Courts often consider the factors set out in 18 U.S.C. 3553(a), as well as the defendant's disciplinary record, post-offense

conduct, and the severity of the crime.  See, e.g., United

States v. Lee, 841 F. App'x. 285, 288 (2d Cir. 2021) (summary

order).

    III. Discussion

        a. Count Three: Motion for Reduction of Sentence

This Court agrees with the Government and concludes that

while Mr. Stewart is eligible for a reduction of sentence

pursuant to § 404 of the First Step Act, his motion for a

reduction on his concurrent sentence on Count Three should be

denied.

Mr. Stewart is eligible for a reduction under the First

Step Act, and the Government concedes this point.  (Memo at 21.)

His conviction under Count Three for violating 21 U.S.C. §§ 846

and 841(b)(1)(A) is a "covered offense" eligible for relief

because its statutory penalties were modified by section 2 of

the FSA.  First Step Act § 404(a).  As established in Davis, 961

F.3d at 190, the offense of conviction, rather than the actual

conduct of the Defendant, determines whether the First Step Act

applies.  Mr. Stewart's statutory penalties prior to the FSA

were 20 years to life imprisonment because the Government filed

a prior felony information pursuant to 21 U.S.C. § 851.[11]  See 21

---

[11] Prior to the FSA, under 21 U.S.C. § 841(b)(1)(A), an offense
involving 50 grams or more of cocaine base required a mandatory
minimum term of imprisonment of 10 (continued on following page)

U.S.C. § 841(b)(1)(A).  After the FSA and the First Step Act,

Mr. Stewart's statutory penalties are 10 years to life

imprisonment.[12]  See id. § 841(b)(1)(B).

The Court, however, still retains the discretion to reduce

the sentence.  See First Step Act § 404(c) ("Nothing in this

section shall be construed to require a court to reduce any

sentence pursuant to this section.").  Having considered the

moving papers from both parties and the factors established

under 18 U.S.C. § 3553(a), this Court holds that a reduced

sentence is not warranted for three reasons.

First, if this Court were to resentence Mr. Stewart, the

applicable Guidelines range would not be affected by the change

in mandatory minimums pursuant to the First Step Act or any

other amendments.  As a result of his murder-related

convictions, his offense level would still be calculated at 45

---

(continued from previous page) years and allowed a maximum term
of life imprisonment. The mandatory sentence was doubled if the
defendant had a prior conviction for a felony drug offense.  If
the defendant had two such prior convictions, the mandatory
sentence was elevated to life imprisonment. Section 2 of the FSA
adjusted the threshold quantity to 280 grams for application of
these provisions.  See Fair Sentencing Act § 2.
[12] Counsel for Defendant argues that the current guideline range
for Count Three would be a 5-year statutory minimum (dkt. no.
413 at 15).  The Government, however, filed a prior felony
information, pursuant to 21 U.S.C. § 851, which increases the
sentencing range from five to 40-years imprisonment to 10 years
to life.  See 21 U.S.C. § 841(b)(1)(B).

and reduced to the maximum offense level of 43.[13]  His Guideline

sentence would therefore remain life imprisonment because the

murder group would set the total offense level, regardless of

the narcotics group being calculated at a level of 32.  With the

exception of certain consecutive sentences like Count Five, the

"court shall determine the total punishment and shall impose

that total punishment on each such count, except to the extent

otherwise required by law."  See U.S.S.G. § 5G1.2(b).

     Second, reducing Mr. Stewart's sentence would have no

effect on his total sentence.  This Court sentenced the

Defendant to life-plus-10-years' imprisonment due to the

mandatory life sentence on Count Two and the mandatory ten-year

consecutive sentence on Count Five.  As the Government correctly

notes, Count Three is an irrelevant component of Mr. Stewart's

sentence.  (Memo at 25.)  The reduction of the mandatory minimum

Mr. Stewart faced on Count Three does not affect the mandatory

life sentence he received on Count One or the mandatory and

consecutive 10-year sentence he received on Count Five.  See,

e.g., United States v. Martinez, 06 Cr. 987-1 (DC), 2020 WL

_____

[13] For the purpose of Guidelines calculation, the Probation
Office separately calculated the "narcotics group" for Count
Three and the "murder group" for Counts One, Two, Four, and Six.
Because the murder group had an adjusted offense level of 45,
the adjusted offense level of 32 for the narcotics group was
adjusted to the offense level of the murder group pursuant to
U.S.S.G. § 3D1.4.  An offense level of 45 is treated as an
offense level of 43.  See U.S.S.G. § 5A app. n.2.

4226639, at *2 (S.D.N.Y. July 23, 2020) (holding that a defendant who was eligible under the First Step Act would not be resentenced because his Guideline range continued to be life imprisonment).

Third, the improvements Mr. Stewart has made to his life, while clear and promising, still do not change the heinous nature of the underlying crime.  Mr. Stewart murdered William Ragland for $500 and 20 grams of heroin.  His involvement with the Crew was not as a dealer, but as a hitman.  The Defendant's counsel has raised that since being imprisoned, Mr. Stewart has received his G.E.D., taken educational and self-improvement courses, and been employed in the prison kitchen for three years.  (Reply Letter at 3.)  However, under 18 U.S.C. § 3553(a)(2)(A) and (a)(6), courts have an obligation to impose sentences that "reflect the seriousness of the offense" and "avoid unwarranted sentencing disparities."  Given that Mr. Stewart had prior felony convictions and was convicted of murder, the Court will not use its discretion to resentence Mr. Stewart.  See United States v. Smith, 982 F.3d 106, 111 (2d Cir. 2020) (per curiam) (noting factors such as "past engagement in violent conduct" and "offsetting exemplary conduct while incarcerated" were permissible when deciding a sentence reduction).

      b. Count Four: Motion for Vacatur

This Court rejects Mr. Stewart's motion for vacatur on Count Four on both procedural and substantive grounds.

The First Step Act does not provide for vacatur of counts of conviction. Mr. Stewart argues that the ground for Count Four was the narcotics conspiracy charged in Count Three, and because Count Three is no longer categorized as an § 841(b)(1)(A) offense, Mr. Stewart's conviction on Count Four must be vacated. (Mot. at 16.) But the First Step Act does not authorize the Court to grant this relief. To the contrary, the First Step Act only permits courts to "impose a reduced sentence as if sections 2 and 3 of the [FSA] . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). Not only is Mr. Stewart not seeking a reduction of his sentence, Count Four is not considered a "covered offense." Should Mr. Stewart wish to pursue vacatur of his Count Four conviction, the proper vehicle to raise the argument would be a § 2255 motion. Because he has already filed one such petition, Mr. Stewart would need to seek and receive permission from the Court of Appeals to file a second or successive petition. See 28 U.S.C. § 2255(h).

Mr. Stewart's argument has also been expressly rejected by the Court of Appeals twice. See United States v. Fletcher, 997 F.3d 95, 98 (2d Cir. 2021); United States v. Guerrero, 813 F.3d 462, 465 (2d Cir. 2016). Because the crime is deemed complete

at the time of the murder, that is the moment when the statute's drug trafficking element is measured.  See 21 U.S.C. § 848(e)(1)(A); Guerrero, 813 F.3d at 465.  "The Fair Sentencing Act did not 'expressly extinguish any criminal liability under § 848(e)(1)(A),' and so that 'law's enactment [does] not retroactively invalidate [a defendant's] conviction' for conduct involving a violation of § 841(b)(1)(A) as it stood before the Fair Sentencing Act."  Fletcher, 997 F.3d at 98 (quoting Guerrero, 813 F.3d at 466).  Mr. Stewart committed "intentional murder while engaged in conduct that, at the time of the offense, violated § 841(b)(1)(A)."  Id.  His "actions, taken together, constituted a completed violation of § 848(e)(1)(A)."  Id.  Thus, even if this Court could vacate Mr. Stewart's Count Four conviction on this motion, he plainly is not entitled to that relief.

IV.  Conclusion

For the reasons set out above, Defendant's motion for reduction of sentence pursuant to § 404 of the First Step Act [dkt. no. 413] is denied.

**SO ORDERED.**

Dated:    New York, New York
          June 25, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge